the President stated the point, and delivered the opinion of the Court.
Shippen, President.
—The policy in this case, is on the outward bound voyage, wherein it is warranted “ that orders will be *163 “ given that the Ship shall not cruise.” Whether such orders have, or have not, been given, is the question before the Court.
The orders which were given, are produced. They consist of instructions which, in the former part, relate to the outward bound voyage, and, in the latter, to an intended cruise for two or three months, after the outward bound voyage, which was the sole object of the insurance, should be completed.
The instructions with regard to the outward bound voyage, begin with an account of the cargo, to whom it is consigned, and give the usual directions in mercantile voyages, how it is to be disposed of, and how the proceeds shall be applied. The captain is expressly directed not to touch at any port to the southward of Philadelphia, left the insurance should be endangered, but no mention is made of a cruise, except that the goods are to be sold for the purpose of sitting her out afterwards for a cruise.
It is, however, contended, that sufficient appears on the face of the instructions, considering the unwarlike condition of the Vessel, and the intent of the voyage, to shew, that, though no express direction is given not to cruise, yet such an implied direction is given, as will satisfy the words of the warranty.
The general intention of the owners, to be collected from the instructions, is sufficiently clear, that they did not mean to give the captain a power to cruise. But what was the intention of the parties in making the warranty? Was it, that such orders should be given as by construction or inference, should shew that to be the intention of the owners? or, was it not, that the captain should be directed in express terms not to cruise?
If the warranty had been that no orders should be given to cruise, or that he should not be impowered by his orders to cruise, these instructions would certainly have been a compliance with the warranty; but the warranty is not negative, that he should not have orders to cruise, but positive that he should have orders not to cruise. And in which ever way the warranty had been expressed, if the captain had cruised, and the vessel by that means had been lost, he would have been answerable—So that the responsibility of the captain, is not any rule to govern the construction of the policy, because if he had cruised without orders, he would have been equally liable, as if he had cruised contrary to express orders. The underwriters have stipulated that more should be done, than would barely make the captain answerable for cruising. What their reasons were, we can only conjecture; it might be supposed, that if the orders were silent as to his cruising, he might be tempted, by an apparent prospect of gain, to do that, which he would not dare to do in the face of express orders. It is well known, that there have been many captains who have not scrupled to break orders which were plain and express; but there are many more, who, when their orders are loose or silent, or discretionary, have run the risk of violating the spirit of them, and relied upon the generality or silence of their orders, to justify them to their owners.
*164 In the present case, the condition of the Vessel did not preclude the possibility of cruising. She mounted 16 guns, she had leave, by the terms of the policy, to call at Beaufort for men, she was intended to be a cruising vessel after the outward bound voyage was completed, and it might not be an unreasonable suspicion in the underwriters, that the captain, unless expressly restrained, might be tempted to cruise in the outward bound voyage. Whatever their reasons were, the underwriters had certainly a right to make it a part of their contract; without it, they might have refused to insure at all, or they would perhaps, have demanded a higher premium; and therefore being stipulated, the owners should have complied with it.
These warranties in policies of insurance are required by law, and by the constant usage of merchants to be strictly complied with; they are generally expressed in a few words, but where they are plain and clear, it would be of dangerous consequence to this useful branch of mercantile business, to introduce a loose construction of them.
We are of opinion, upon the case stated, and a view of the policy and orders, that the warranty has not been complied with, and that judgment should be given for the defendant.
Judgment for the defendant.