ALBANY,
Jan. 1831.

Shumway
v.
Stillman.

---

SHUMWAY and others *vs.* STILLMAN.

In an *action on a judgment* of a court of a *sister state*, to a plea that the defendant was *not personally served with process*, and *had no notice of the suit*; the plaintiff may *reply* that the defendant appeared in the suit *by attorney*, and the record of the judgment, stating the fact that the defendant *did appear by attorney*, will be *evidence of the fact*, until contradicted.

The judgment of a court of general jurisdiction in any state in the union, is equally conclusive upon the parties in all other states as in the state in which it was rendered, unless it appear by the record that the defendant was not served with process, and did not appear in person or by attorney.

If the record sets forth that the defendant did appear by attorney, the defendant is at liberty to disprove the fact; but if he does not disprove it, the record is conclusive.

THIS was an action of assumpsit on a judgment obtained in Massachusetts, tried at the Rensselaer circuit in June, 1829, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

The declaration sets forth a judgment obtained by the plaintiffs against the defendant in the common pleas of Worcester county, in the commonwealth of Massachusetts, in June, 1820, for $203,41, debt and costs. The defendant pleads that at the time of the commencement of the suit in which the judgment was obtained, and when the judgment

was rendered, and during the intervening time, he was re-
siding in the city and county of Schenectady, in this state;
that he was not an inhabitant of the commonwealth of Mas-
sachusetts; that during all the said time he was not within
the commonwealth of Massachusetts; was not amenable or
subject to the jurisdiction of the court in which the judgment
was rendered; was not arrested, or personally served with
process in the said suit within the said commonwealth, and
had not any legal notice of such suit. The plaintiffs reply
that the defendant had notice of the suit, and gave the court
in which the judgment was recovered jurisdiction of his per-
son by *appearing* in the suit *by Ephraim Hinds, an attorney of
the said court,* and concluded to the country. On the trial
the plaintiffs produced an exemplification of the judgment,
wherein it is stated *that the defendant, by Ephraim Hinds, his
attorney, appeared and pleaded the general issue;* that the is-
sue thus joined was tried by a jury, who found a verdict for
the plaintiffs, and that judgment thereupon was rendered for
the plaintiffs. The plaintiffs rested. The counsel for the
defendant contended that it was incumbent on the plaintiffs
to shew that the attorney, who it was averred in the record
had appeared for the defendant, was *authorized by the de-
fendant to appear for him,* and having failed to do so, that the
plaintiffs ought to be nonsuited. The question was reversed
by the judge. The defendant produced an exemplification
of the proceedings in the *common pleas* of Worcester, from
which it appeared that the suit was commenced by *attach-
ment*; that *bank notes* to the value of $75,26, and a quantity
of *machine irons* of the value of one dollar, both the property
of the defendant, were attached by the sheriff; that the de-
fendant was *not found* in the bailiwick of the sheriff, and that
he summoned Ephraim Hinds, Esquire, the attorney of the
defendant, by giving him a copy of the writ. It also appeared
from the exemplifications produced, that an execution had
been issued in July, 1820, on the judgment, which had not
been returned in July, 1828. The defendant's counsel in-
sisted that as the proceeding was *in rem*, and an execution
had been shewn to have issued, the judgment ought to be pre-
sumed to be satisfied. The judge, however, directed the jury

to find a verdict for the plaintiffs subject to the opinion of this court, which they accordingly did, and the cause was now heard on a case made.

ALBANY,
Jan. 1831.

Shumway
v.
Stillman.

*L. Hoyt & B. F. Butler*, for plaintiffs.

*A. C. Paige*, for defendant.

*By the Court*, SAVAGE, Ch. J. When this cause was formerly before this court, 4 *Cowen*, 292, it was decided that it was competent for the defendant to shew that the court of common pleas of the county of Worcester, in the state of Massachusetts, had not jurisdiction over the person of the defendant; and if a want of jurisdiction appeared, no credit would be given to the judgment. The plea then before the court, the sufficiency of which was the subject of discussion, did not go far enough; for though it might be true that the defendant was an inhabitant of Schenectady, and had been from the commencement of the suit till the time of the rendering judgment thereon, it did not follow that the court which rendered the judgment had not jurisdiction of the person of the defendant. The present plea is sufficient in form and substance, and denies the jurisdiction of the court. The plaintiffs in their replication affirm that jurisdiction in consequence of the appearance of the defendant by his attorney; and the question is, whether the record stating such appearance is *prima facie* sufficient evidence of the fact? A determination of this question involves an inquiry into the effect of a record of a judgment in a sister state.

When this question was first presented in this court in the case of *Hitchcock and Fitch* v. *Aicken*, 1 *Caines*, 460, the subject underwent a full discussion, and it was decided by three judges against two, that the judgments of courts in other states were to be considered as foreign judgments only. Foreign judgments are said by Lord Mansfield, and Buller, justice, *Doug.* 6, *n.* to be *prima facie* evidence of the debt, and conclusive until impeached by the other party. I believe there is no case to be found where records, certified according to the act of congress, have not been considered suffi-

cient proof of the facts contained in them. In those cases where it appeared by the records that the courts rendering judgment had not jurisdiction of the person of the defendant, it has been determined that such judgments should not be enforced without the state in which they were rendered. Such was the case of *Kibbe* v. *Kibbe, Kirby,* 119. There the proceedings were in Massachusetts, by attachment; no process was served on the defendant, and there was no appearance by him. Such were also the proceedings in *Phelps* v. *Holker,* 1 *Dall.* 162; and the supreme court of Pennsylvania considered judgments thus obtained, in the same light as foreign judgments, and examinable into. These two cases were decided in 1786 and 1788, before the adoption of the present constitution, but under the articles of confederation, which contain a clause in relation to judgments of other states, very similar to that contained in the constitution. In *Armstrong* v. *Carson's Exrs.* 2 *Dall.* 302, in the circuit court of the United States, for the District of Pennsylvania, such a record was held conclusive, that is, that it should have the same effect in Pennsylvania as in the court of the state from which it was taken. The law as pronounced in *Hitchcock and Fitch* v. *Aicken,* was considered the correct rule, and acted upon until the decision of *Mills* v. *Duryee,* 7 *Cranch,* 481, in 1813. In Massachusetts also the same rule had prevailed until March, 1813, when *Bissell* v. *Briggs* was decided. 9 *Mass.* 462. It was there held that the judgments of the courts in sister states are in a better situation than foreign judgments; but to entitle such judgments to the full faith and credit mentioned in the federal constitution, the court must have had jurisdiction, not only of the cause, but of the parties; and that so far as they had jurisdiction, they are to have full faith and credit, and the merits are not inquirable into. In that case it appeared that process was served on the defendant, that he appeared and defended the action, and it was decided that he could not, therefore, impeach the judgment. In *Mills* v. *Duryee,* Mr. Justice Story, after referring to the constitution and the law of congress, declares the decision of the court to be, that the record, duly authenticated, shall have such faith and credit every where, as it has

in the courts of this state from whence it is taken. If it is conclusive in such state, it must be so in every other state. This case was decided in February, 1813; and seems to have been overlooked in 1816, when the case of *Pawling* v. *Bird's Ex'rs*, 13 *Johns. R.* 192, was decided. This court then again declared the same rule applicable, as in *Hitchcock and Fitch* v. *Aikin*, that a judgment in another state was only *prima facie* evidence of a debt, and may be impeached when attempted to be enforced here as unjust, unfair, or irregular. In that case it appeared by the record that the defendants had appeared by an attorney, but the court considered this an appearance by virtue of the power given to the garnishers. The judgment against the defendants, as against them personally, was therefore considered as without jurisdiction and void. The same question came again in review in the case of *Borden* v. *Fitch*, 15 *Johns. R.* 140; and Chief Justice Thompson, giving the opinion of this court, declares that the true construction of the case of *Mills* v. *Duryee*, is, that it was intended only to decide that the judgment was conclusive when the defendant was arrested, or had in some way appeared, and had an opportunity of defending the original suit. In *Andrews* v. *Montgomery*, 19 *Johns. R.* 162, the case of *Mills* v. *Duryee*, was recognized as authority, and a sound exposition of the constitution and laws of congress, subject to the qualifications annexed by Ch. J. Thompson. In the case of *Aldrich* v. *Kinney*, 4 *Conn. R.* 380, Ch. J. Hosmer reviews all the cases, and comes to the same conclusion, that the records of the courts of other states are conclusive in cases only where they had jurisdiction of the cause, and of the person of the defendant. In *Hall* v. *Williams et al.* 6 *Pick.* 237, Ch. J. Parker has expressed the same opinion as to the case of *Mills* v. *Duryee*, that in all instances the jurisdiction of the court rendering judgment may be enquired into. In this case the defendants pleaded to an action on a judgment in Georgia: 1. That neither of the defendants had notice of the suit, was served with process or appeared; and 2. That Fiske, one of the defendants, was not an inhabitant of Georgia, was not served with process, had no notice, and never

appeared. The plaintiffs replied that the defendants were estopped by the record from denying notice and appearance. By the record it appeared that the suit was brought in Georgia against Williams and Fiske; the officer returned that he had served a copy on Williams, and that Fiske was not found; Williams appeared by W. Gordon, his attorney, and pleaded non-assumpsit. Afterwards it is stated in the record that both defendants came by *their* attorney within named, and the jury found a verdict against both, and judgment is rendered against both. The court held that this recital in the record was not an assertion that Gordon appeared for Fiske, for it appeared by the same record that he appeared for Williams only. The court were further of opinion, with the supreme court of Connecticut, that if it appeared that the court rendering judgment had jurisdiction, the record is conclusive evidence of the debt; that is, if it appears affirmatively that the defendant was duly served with process within the state, *or* actually appeared and defended the suit, *or* appeared by attorney duly authorized; which latter fact may be contested, the record being only *prima facie* evidence of that fact, because no proof is ordinarily required of authority to act as attornies. In the case of *Starbuck* v. *Murray*, 5 *Wendell*, 148, recently decided by this court, this subject is discussed at length by Mr. Justice Marcy, and the same conclusion adopted as in Connecticut and Massachusetts, that the record is *prima facie* evidence only to prove the jurisdiction of the court, and that the defendant is at liberty to shew that he never was served with process, nor appeared in the court whose judgment is sought to be enforced against him. That a party who appears in a cause and pleads to the merits is estopped from denying the jurisdiction of the court, is not a new principle, though it has recently been recognized in the cases cited by the plaintiffs' counsel. 6 *Madd. & Geld.* 375, 398, and *Davis* v. *Packard*, in the court of errors, 6 *Wendell*, 327.

The records produced by the defendant do not alter the case. By them it appears that the defendant was not personally served with process, and that an attachment was served upon bank bills, as the property of the defendant. But

this does not disprove the fact that he appeared by his attorney Ephraim Hinds; this fact appears from the record, and also from the exemplification of the plea on file. There is no inconsistency between the facts. Although the defendant was not served with process, still he may have authorized an attorney to appear for him, and litigate the plaintiffs' claim against him; and such is the presumption arising from the fact that an attorney did appear, and plead to the merits of the action.

An examination of the cases results in the establishment of the following proposition : That the judgment of a court of general jurisdiction, in any state in the union, is equally conclusive upon the parties in all the other states, as in the state in which it was rendered. This, however, is subject to two qualifications : 1. If it appear by record that the defendant was not served with process, and did not appear in person or by attorney, such judgment is void; and 2. If it appear by the record that the defendant appeared by attorney, the defendant may disprove the authority of such attorney to appear for him.

The defendant in this case was permitted to disprove the authority of the attorney who appeared for him, but did not attempt it. The record at common law was *prima facie* evidence of the truth of that fact, as well as all other facts contained in it. Under the constitution and laws of congress, and the decisions upon them, the record is conclusive evidence of every fact contained in it; but the authority of the attorney to appear for the defendant, is not a fact asserted by the record; if it were, it would be only *prima facie* evidence of such fact, and the defendant might disprove it; but being *prima facie* evidence, it is conclusive when uncontradicted.

No presumption of payment can be drawn from the facts of an execution having issued, and its remaining unreturned; no evidence having been given of a levy upon the property of the defendant by virtue of such execution. The plaintiffs are entitled to judgment for the amount of the verdict.

Judgment for plaintiffs.