Bronson, J.
dissenting. If the plaintiff had replied that all the defendants did appear in the Ohio suit, the record, when produced, if it showed an appearance of all by attorney,. would have been prima facie evidence that they were regularly in court. (Shumway v. Stillman, 6 Wend. 447.) Should the defendants Pratt and Taylor then give evidence to show that the attorney had no authority to appear for the other defendants, and it should thereupon be an-' swered that Pratt and Taylor employed and authorized the attorney to appear for all, it would then be a question for the court and jury upon the evidence whether Pratt and Taylor were not concluded by their act in employing the attorney for all, from setting up his want of authority as to the defendants Knapp, Tinker and Forsyth. Questions *67 of a similar character have often arisen upon evidence, but I have not met with any case where they have been made by the pleadings. Estoppels by matter of record or in writing may, and sometimes must be pleaded, if the party intends to rely on them; but such is not the rule in relation to estoppels in pais. In The Welland Canal Co. v. Hathaway, (8 Wend. 483,) it was said by Nelson, J. that estoppels in pais cannot be pleaded, but are given in evidence to the court and jury. I see no reason for questioning the correctness of that remark.(a)
Judgment for plaintiff.

 See the observations of Cowen, J. in The People v. Bristol and Rensselaerville Turnpike Co. (23 Wend. 230,) and the cases there referred to