Welch *et al. v.* Sykes.

UPTON D. WELCH *et al.* plaintiffs in error, *v.* JAMES SYKES, defendant in error.

*Error to Clark.*

Under the Constitution of the United States, and the laws of Congress made in pursuance thereof, judgments *in personam* of the various States are placed on the same footing as domestic judgments, and are to receive the same credit and effect when sought to be enforced in different States, as they by law or usage have in the particular States where rendered.

A judgment fairly and duly obtained in one State is conclusive between the parties when sued on in another State. But the defendant may show, in bar of an action on such judgment, that the judgment was fraudulently obtained, or that the Court pronouncing it had neither jurisdiction of his person, nor of the subject matter of the action. If he succeed in establishing any one of these defences, the judgment is entitled to no credit, and the plaintiff must rely on his original cause of action. The defendant may admit the existence of the record, and set up by special plea any of these matters of defence in avoidance of the judgment; and the plaintiff may traverse the allegations of the plea, or reply new matter in avoidance.

The record of a judgment, in an action on the judgment, may be used in evidence on the trial, and, when introduced, affords conclusive evidence of the facts stated in it. If, however, a record states that the defendant appeared by attorney, it is conclusive proof that the attorney appeared for him, but only *prima facie* evidence of his authority to appear.

Where a judgment has been obtained, there is a strong legal presumption that the Court had jurisdiction, and that it proceeded conformably to the laws of the State in which it was rendered. The rule, therefore, is, that a plea

* WILSON, C. J. and LOCKWOOD, J. dissented.

denying the jurisdiction of the Court must, by certain and positive aver-
ments, negate every fact from which the jurisdiction may arise.

If a record of a judgment shows that the defendant appeared by attorney, the
plaintiff must reply this fact to the plea, and the defendant may rejoin that
the attorney had no authority to enter his appearance. The record affords
*prima facie* evidence of his right to appear.

Each State of the Union may prescribe the mode of bringing parties before its
Courts, and although its regulation, in this respect, can have no extra-
territorial operation, they are, nevertheless, binding on its own citizens.

DEBT on a judgment of a Court in Maryland, brought by
the defendant in error against the plaintiffs in error, in the
Clark Circuit Court, and heard before the Hon. William
Wilson, on a demurrer to pleas, which was sustained. The
substance of those pleas will appear in the Opinion of the
Court.

*A Lincoln,* for the plaintiffs in error.

*C. H. Constable,* for the defendant in error.

The Opinion of the Court was delivered by

TREAT, J.* This action was commenced in the Clark
Circuit Court by Sykes against Welch and others. Watson,
one of the defendants, only was served with process. The
declaration was in debt on a judgment recovered by Sykes
against the defendants, in the Ann Arundel County Court,
in the State of Maryland, on the 26th of October, 1835, for
$340·00 debt, and $10·84 damages. Watson appeared and
pleaded seven pleas. The Court sustained a demurrer to
the third, fourth, fifth and sixth pleas; and the defendant
thereupon withdrew the other pleas, and the plaintiff had
judgment for his debt and damages. The decision of the
Circuit Court sustaining the demurrer to the pleas is as-
signed for error.

The third plea alleges, that from the commencement of
the suit in Maryland until the rendition of the judgment
therein, the defendant resided in the State of Ohio, and

---

* Justices KOERNER, THOMAS and DENNING did not sit in this case.

during all of that time was not within the limits of the State of Maryland, and that he never appeared in person, nor authorized any one to appear for him.

The fourth plea alleges in substance, that from the commencement of the suit until the rendition of the judgment, the defendant resided in Ohio and was not in Maryland, and that he did not appear in the suit in person or by attorney.

The fifth and sixth pleas aver generally, that the defendant was never served with process, and that he had no notice of the pendency of the suit.

Under the Constitution of the United States and the laws of Congress made in pursuance thereof, the judgments *in personam* of the various States are placed on the footing of domestic judgments; and they are to receive the same credit and effect when sought to be enforced in different States, as they by law or usage have in the particular States where rendered. A judgment fairly and duly obtained in one State is conclusive between the parties when sued on in another State. The defendant may show, in bar of an action on the record of a judgment of another State, that the judgment was fraudulently obtained, or that the Court pronouncing it had neither jurisdiction of his person, nor of the subject matter of the action. If he succeed in establishing any one of these defences, the judgment is entitled to no credit, and the plaintiff is driven to his suit on the original cause of action. *Bimeler* v. *Dawson*, 4 Scam. 536, and the cases there cited. The defendant may admit the existence of the record, and set up by special plea any of these matters of defence in avoidance of the judgment. *Harrod* v. *Barretto*, 2 Hall, 302; *Shumway* v. *Stillman*, 6 Wend. 447; *Starbuck* v. *Murray*, 5 do. 148. The plaintiff may traverse the allegations of the plea, or reply new matter in avoidance. The record of the judgment is to be used as evidence in the trial of the issue; and when introduced, affords conclusive evidence of the facts stated in it. Thus, if the record shows affirmatively that the defendant was personally served with process, or personally appeared to the action, it furnishes conclusive evidence of the fact stated, and the defendant

cannot controvert it. *Hall* v. *Williams,* 6 Pick. 232; *Shumway* v. *Stillman,* 6 Wend. 447; *Rust* v. *Frothingham,* Bre. 258. If either of these facts clearly and distinctly appear on the face of the record, the plaintiff may reply that the defendant is estopped by the record from denying that the Court had jurisdiction over his person. *Hall* v. *Williams,* 6 Pick. 232. If the record states that the defendant appeared by attorney, it is conclusive proof that the attorney appeared for him, but only *prima facie* evidence of the authority of the attorney to appear, and which latter fact the defendant is at full liberty to disprove. *Hall* v. *Williams,* 6 Pick. 232; *Shumway* v. *Stillman,* 6 Wend. 447. The pleas in question seek to invalidate the judgment declared on, by showing that the Court in which it was recovered had no jurisdiction over the person of the defendant, and consequently no authority to render the judgment. Where a judgment has been obtained, there is a strong legal presumption that the Court had jurisdiction, and that it proceeded conformably to the laws of the State in which it was rendered. The rule therefore is, that a plea denying the jurisdiction of the Court must, by certain and positive averments, negate every fact from which the jurisdiction may arise. *Harrod* v. *Barretto,* 1 Hall, 155; *Shumway* v. *Stillman,* 4 Cowen, 292. The third and fourth pleas clearly come within the rule. If the averments contained in them are true, the Court in Maryland could not have acquired jurisdiction over the person of the defendant, either by the service of process, or by any notice which he was bound to attend to. If he was a citizen of Ohio during the pendency of the suit in Maryland, the only modes by which the Court could have acquired the authority to render a personal judgment against him, were either by the service of process on him while he was temporarily within the limits of the latter State, or by a voluntary submission of his person to the jurisdiction of the Court. That the Court obtained jurisdiction in either of these ways, is explicitly and positively denied by the pleas.

Although no part of the record of this case, a copy of the

record of proceedings in the suit in Maryland, has been submitted to the inspection of the Court. It appears therefrom that an attorney appeared for the defendant. The proper course will be for the plaintiff to reply this fact to the pleas, and the defendant may rejoin that the attorney had no authority to enter his appearance. On the trial of such issue, the record will afford *prima facie* evidence of the right of the attorney to appear, and the defendant will be allowed to overthrow the presumption, by proving that he never authorized the attorney to appear for him. And this question of the authority of the attorney will probably be the only one arising on the future trial of the case.

The fifth and sixth pleas are manifestly bad. These pleas may be true in point of fact, and still the Court may have had jurisdiction of the person of the defendant. It is competent for each State to prescribe the mode of bringing parties before its Courts. Although its regulations in this respect can have no extra-territorial operation, they are, nevertheless, binding on its own citizens. For aught appearing on the face of these pleas, the defendant may have been a resident of the State of Maryland, and received such notice of the pendency of the suit, as conferred authority on the Court to hear the case and pronounce the judgment. If he was a resident of another State, it may be that prior to the commencement of the suit and in anticipation of its being brought, he retained an attorney to enter his appearance and defend it. He may have done this, and afterwards have had no personal knowledge of the pendency of the suit. These pleas, like the others, should have contained the additional averments that he was beyond the jurisdiction of the Court, and that he had never authorized his appearance, or such other allegations as would have negatived every presumption of jurisdiction.

The Circuit Court decided correctly in sustaining the demurrer to the fifth and sixth pleas, but erred in sustaining it to the third and fourth pleas. For this error the judgment will be reversed with costs, and the cause will be remanded for further proceedings.

*Judgment reversed.*