By the Court.—Spencer, J.
I think the court below erred in directing a verdict for the plaintiff.
First. The defendant’s counsel asked the court to submit the question to the jury as one of fact, whether there was or was not authority on the part of the California. attorneys (Messrs. Chetwood, Edwards, Rose & Turk), to appear for the defendant in the action (in California), resulting in the judgment now sued upon. The request was denied, and defendant’s counsel excepted.
The record of the judgment shows no original process issued against or served upon defendant; but from the record it appears, that the complaint and answer in the action were filed on the same day (May 6, 1851), and the answer purports to have been signed by “Chetwood, Edwards, Rose & Turk,” as attorneys for defendant. This is all that is established by the record in regard to the appearance of defendant in the action, and upon this the plaintiff rested his case. Subsequently, the defendant testified, in substance: “That he never saw either of the firm of Chetwood, Edwards, Rose & Turk, although he knew of them by name. That he never employed this firm to appear for him in this action, and never employed nor authorized any one to appear in this suit, nor to defend the same ; and that he did not know of the existence of the suit at the time of the judgment. He says, ‘I first heard . there "was such a suit, when this action was commenced, about a year ago : had never heard of the California suit before *127 that.’ That the only agent he had in California, at the time, was one Edward Rogers, whom he sent out to California as his special agent, to attend to his business there. That he never heard of this judgment until he was sued here. That he was never asked to pay this judgment to Mr. Howard (plaintiff) or anyone,. before being sued.”
On the cross-examination, and afterwards, plaintiff introduced letters and and accounts, and other evidence that tended to establish that the firm of Chetwood, Edwards, Rose & Turk was employed by Beck & Palmer, shipping agents, with the consent of Edward Rogers, the agent of defendant, but no positive testimony established their employment with the consent or direction of said Edward Rogers. It appeared from the evidence, that at the time of the trial, Edward Rogers was dead. I am clearly of the opinion, that this question of authority to the attorneys who appeared for the defendant in the California action, was, or became á contested question of fact, upon which there was evidence upon both sides.
The testimony of the defendant was most positive and clear on the subject of authority, and, I think, fully established the fact that their attorneys were not retained or employed by him personally, in that case, nor by his agent (Rogers), with his {defendant's) knowledge or consent. The testimony opposed to this statement of defendant, raised the hypothesis, or tended to establish the fact, that the attorneys derived their authority to appear, from Beck & Palmer, who derived their authority to employ and retain them, from Edward Rogers ; but to say the most of this proof adduced by plaintiffs to contradict or rebut the testimony of defendant on" this point, it was vague and uncertain, and, in my view of the case, not of sufficient weight and certainty to justify the conclusion of the court below, that the authority of the attorneys, Chetwood, *128 Edwards, Rose & Turk, to appear for the defendant, was so fully and conclusively established, that the question of such authority need not be submitted to the j ury as a question of fact. The decision of questions of fact in a case, by the court, when uncontested, or when clearly established by the weight' of testimony, narrows the issues and reduces the number of questions for the consideration of the jury, and thus lessens its labors in reaching a verdict, and in this view, are to be favored and sustained, to the full extent of the rules of law applicable to jury trials. The rulings of the court, however, in such cases, are often subject to a review and reversal by the appellate court, although a decision of the jury would have been final upon the same facts. I hold that all questions of fact that are contested to that degree by the evidence that sensible men might conscientiously arrive at different conclusions, upon the same evidence, should be submitted to the decision of a jury. The rule of law I hold to be the same as in the case of directing a verdict by court. The court has a right so to direct, when the facts are so clearly established on the trial, or the weight of evidence so strong, that if, on submission to a jury, it found a verdict against them, the court would set it aside as against the evidence. Applying this rule to this case, I do not think, if this question of authority had been submitted, and the jury had found that there was no authority, and, consequently, found for the defendant, that any court’would set aside their verdict as against evidence. I am of the opinion it was clearly a question that, under the evidence, should have been submitted to the consideration and decision of the jury, and it was error on the part of the court to refuse to do so. I also hold, as a conclusion of law, that whenever it appears by the record of a judgment of a sister State, that the defendant appeared by attorney, it is prima facie evidence of the fact; but in such a case, the de *129 fendant may rebut this presumption by proof' that the attorney named in the record never had any authority to appear for him; in other words, “notwithstanding the recital of the record, he may disprove the authority* of the attorney to appear.”
The cases cited by defendant’s counsel on the argument, are, in my opinion, conclusive as to the law in such cases (Shumway v. Stillman, 6 Wend. 447, 453; Starbuck v. Murray, 5 Id. 148 ; Long v. Levy, 1 Hill, 597).
The opinions and decisions of Chief Justices Savage and Brows in those cases, are not-weakened by the queries and dicta of other judges in' the cases cited by plaintiff’s counsel.
In the case of Bolton v. Jacks, in this court (6 Robt. 198, &c.), there is a very full review of cases touching this point.
My attention has been called to a late case decided in the court of appeals (Brown v. Nichols, 42 N. Y. 27). That case arose upon and relates to a judgment in this State, and the judges reviewing the same recognize a distinction, and that a different rule applies to judgments of another State. Although there is a diversity of opinion among the judges before whom the case at bar has been heard, as to the questions arising therein, we do not consider the same as affected by the decision in Brown v. Nichols. As for myself, I agree with the views of Judge Grover, as expressed in his dissenting opinion, so far as he discusses this question of the effect of appearance, and I believe those views should be and will be finally adopted as the rule in like cases. ,
In regard to the other principal exceptions in this case, a majority of the members of this court hold that there was no error in the rulings of the court below, and, therefore, their discussion has been avoided, *130 and the present decision is based entirely upon the question of appearance in the California court.
The exception to the ruling of the court below upon this question should be sustained, and a new trial ordered, with costs to defendant, to abide the event.