2 U.S. 302 (____)
2 Dall. 302
ARMSTRONG
versus
CARSON's Executors.
Supreme Court of United States.

*303 Ingersoll declined arguing the point for the defendant, thinking it clearly against him.
WILSON, Justice:
There can be no difficulty in this case. If the plea would be bad in the Courts of New Jersey, it is bad here: for, whatever doubts there might be on the words of the Constitution, the act of Congress effectually removes them; declaring in direct terms, that the record shall have the same effect in this Court, as in the Court from which it was taken. In the courts of New Jersey no such plea would be sustained; and, therefore, it is inadmissible in any Court sitting in Pennsylvania.
Bradford then proposed settling the interest; but WILSON, Justice, observed, that he had had more than one occasion to object to the Court's interposing, in any form, to assess damages. In some States, he said, it had, indeed, grown into a practice; and the Courts had in that, and, perhaps, in many other instances, done the business which ought to go to a Jury. Lewis referred to a case in the Supreme Court of the United States, in which this point had been made, tho' not directly, decided; but the Judge said, it was not the foundation of the judgment of the Court; and that, in his opinion, a Writ of Enquiry was the regular mode of proceeding.[*]
It being suggested, however, that the usage in the State Courts was to enter the judgment generally; and that the plaintiff must ascertain the debt, and issue execution at his own peril; that mode was adopted on the present occasion.
Judgment for the Plaintiff.
NOTES
[*] But see Brown v. Van Braam in the Supreme Court of the United States.