ADAM KESSEL, JR., and Another, Appellants, *v.* TRIANGLE FILM CORPORATION, Respondent.

First Department, April 6, 1923.

Constitutional law — full faith and credit — action on Virginia judgment which was recovered on contract by defendant to purchase shares of its capital stock from plaintiffs — Virginia judgment is binding since all defenses interposed in this action, including counterclaim, were interposed in that action and adjudicated — order denying motion made under Rules of Civil Practice, rules 109 and 110, to strike out defenses and dismiss counterclaim for insufficiency is appealable — denial based upon information and belief and of any knowledge or information sufficient to form belief as to matters of record raised no issue — defense, that stock for value of which plaintiff recovered judgment is available to satisfy judgment, is insufficient.

In an action on a judgment recovered by the plaintiffs against the defendant in Virginia, it appeared that the judgment was based on a contract whereby the defendant agreed to purchase from the plaintiffs shares of capital stock of the defendant owned by the plaintiffs; that the defendant interposed in the Virginia action the defenses that the contract had not been ratified by the board of directors; that the contract was a New York contract to be performed here; that the defendant is a Virginia corporation which is domiciled in New York and has always done business in this State, and held its directors' meetings here; that the plaintiffs sued in Virginia to avoid the effect of New York laws, and that the defendant corporation had no surplus profits; that the defenses interposed in the present action were the same as interposed in the Virginia action, including a counterclaim in this action to the effect that the defendant was damaged by the execution of the contract in question and by its enforcement in Virginia for the purpose of evading the laws of this State.

*Held,* that under the full faith and credit clause of the United States Constitution, the defendant having appeared and answered in the Virginia action and contested plaintiffs' claim at the trial thereof, and having set up all possible defenses, including the alleged counterclaim, the validity of the Virginia judgment cannot be denied here.

The order denying plaintiffs' motion to strike out the defenses and dismiss the counterclaim on the ground of insufficiency was made on a motion under rules 109 and 110 of the Rules of Civil Practice and not under rule 113, and, therefore, is appealable.

The denial by the defendant upon information and belief that the action was duly tried in Virginia or that the judgment was duly rendered and its denial of any knowledge or information sufficient to form a belief that the Virginia court was one of general jurisdiction and that the costs awarded in that action amounted to the sum alleged in the complaint in this action, are insufficent to raise an issue, since they relate to matters of record or to facts known to the defendant or the truth of which it could readily ascertain.

The setoff pleaded by the defendant, to the effect that the stock which the plaintiffs alleged the defendant agreed to purchase and for the purchase price of which the Virginia judgment was rendered is on deposit with a trust company and may be received by the plaintiffs in satisfaction of the judgment, is insufficient.

APPEAL by the plaintiffs, Adam Kessel, Jr., and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of December, 1922, denying their motion to strike out certain defenses and to dismiss certain counterclaims contained in the second amended answer, to strike out the answer and for judgment on the pleadings.

*Arthur Butler Graham* of counsel, for the appellants.

*O'Brien, Boardman, Parker & Fox* [*Lyttleton Fox* of counsel], for the respondent.

McAVOY, J.:

The action is to recover from defendant the sum of $89,255.20 and interest upon a judgment alleged to have been duly rendered in favor of plaintiffs herein and against defendant herein in the Law and Equity Court of the City of Richmond, State of Virginia.

The action in Virginia, in which the judgment was obtained, was upon a contract dated May 3, 1919, between the plaintiffs and defendant for the sale to defendant of 89,156 shares of defendant's capital stock.

In that action defendant set up by special plea:

(a) That the contract had not been ratified by the board of directors;

(b) That plaintiffs then resided in New York, and that the contract was consummated, signed and delivered in New York and was to be performed in New York; that defendant, a Virginia corporation, was domiciled in New York and always did business and had its office and property in New York and held its directors' meetings there; and that plaintiffs sued in Virginia to avoid the effects of New York laws;

(c) That defendant corporation had no surplus profits.

The action duly came on for trial and both parties were represented by their counsel thereat. After the trial the court rendered its decision and later entered judgment for plaintiffs against defendant for the sum of $89,255.20.

The counterclaim pleaded here, which the Special Term refused to dismiss, is to the effect that defendant is a Virginia corporation, duly licensed to do business in New York immediately after its incorporation; that its property and business were and are in the State of New York; that plaintiffs were and are residents of New York State, and knew these facts; that the by-laws and charter placed the defendant under the control and supervision of its board of directors, who alone may enter into contracts for and on behalf of defendant; that prior to May 3, 1919, plaintiffs, being stockholders of defendant, and Harry E. Aitken, then an officer and director of defendant, and one Roy E. Aitken, who was then a director of defendant, wrongfully planned and agreed together that they would cause a contract to be made and executed by defendant as one party and plaintiffs as the other, giving the Aitkens certain benefits running to them personally and to the damage and prejudice of defendant, and providing for the purchase by defendant of plaintiffs' capital stock; that said agreement was executed and to be performed wholly in the State of New York, and was made in violation of the laws of the said State in that defendant had no surplus; that the contract was entered into without knowledge, authority, action or ratification on the part of or by the board of directors of the defendant, and was made in violation of the faith, duties and obligations owed by the plaintiffs and the Aitkens to defendant corporation; that thereupon plaintiffs, in execution of the said plan and with intent to evade New York laws and to oust New York courts from their jurisdiction and to procure enforcement of the contract by indirect means, caused suit to be instituted in Virginia and recovered judgment in their favor; that the judgment is unreversed and unsatisfied; that by reason thereof defendant has been caused loss and was damaged in the sum of $90,000, with interest thereon.

Defendant seeks to set up allegations of an illegal contract made without ratification of the board of directors, but declared by a Virginia court of competent jurisdiction to have been legal, and to have been so ratified after such a defense had been interposed in that action.

The issue of good faith was raised and settled in the Virginia action. The parties stipulated there: " That said instrument [referring to the contract of May 3, 1919] was executed by the plaintiffs and by the defendant corporation and that the seal of the

defendant corporation was affixed thereto; that the same was executed in good faith by all parties hereto."

And again, paragraph 10: "That at the time of the negotiations, execution and delivery of said instrument or alleged contract of May 3rd, 1919, D. McDonald, who attested said instrument as the Secretary of said defendant company, and was in fact its Secretary, was also its attorney or legal adviser; that said instrument or contract was executed in good faith by both plaintiffs and the defendant company, acting by officers whose names are signed thereto, and that the notes provided for, to be given under said contract, aggregating $35,000, were thereupon taken up upon the books of said corporation, and duly paid as they matured."

In paragraph 11 of said stipulation the following language is used: " * * * that it being the desire of both parties hereto that the full facts shall be fully presented to the court, regardless of technical considerations."

The interposition of the defenses in the Virginia action (a) that the contract has not been ratified by defendant's board of directors; (b) that plaintiffs then resided in New York, that the contract had been consummated, signed and delivered in New York, and was to be performed in New York, that defendant, a Virginia corporation, was domiciled in New York and always did business and had its office and property in New York, and held its directors' meetings there, and that plaintiff sued in Virginia to avoid the effect of the New York laws; and (c) that defendant corporation had no surplus profits, is not denied by defendant in its affidavits.

The defendants contend that the answer raises an issue to be tried as to whether or not the plaintiffs had resort to and instituted their action in the court in the State of Virginia with the wrongful and unlawful intent and for the wrongful and unlawful purpose of evading the laws of the State of New York before mentioned, and of ousting its courts and judicial tribunals of jurisdiction of said contract and the enforcement thereof, and of preventing the said courts from adjudicating said contract, and for and with the purpose and intent of securing by indirection enforcement of the terms of said contract in violation of the prohibitions of the law, statutes and public policy of the State of New York, and with no intent or purpose to obtain an actual enforcement thereof within the State of Virginia; that the plaintiffs knew that defendant had and has no assets or property of any character in the State of Virginia; and that the execution or enforcement of any judgment upon said contract could not be had in the State of Virginia; and with the intent and for the purpose of using any judgment so rendered in the State of Virginia to obtain performance and

enforcement of the aforesaid contract in the State of New York, in contravention of the law, statutes and public policy of the State of New York as aforesaid.

Defendant, in effect, claims that plaintiffs procured a contract detrimental to defendant, illegal by New York law because defendant had no surplus, and then went to Virginia to avoid the effect of New York laws and procured a valid judgment by a court having jurisdiction of the parties, in which all of these claims by defendant were adjudicated in plaintiffs' favor; that because the judgment is valid, defendant some day must pay it and, therefore, suffers damage in the amount of the Virginia judgment.

The rule is, defendant having appeared and answered in the Virginia action and contested plaintiffs' claim at the trial thereof, setting up all possible defenses including this very alleged counterclaim, *i. e.*, by stipulation therein that the contract was executed in good faith by all the parties thereto, that the court is without power to deny the validity of the Virginia judgment under the full faith and credit clause of the United States Constitution. (U. S. Const. art. 4, § 1; *Fauntleroy* v. *Lum*, 210 U. S. 230.)

In that case the action was upon a Missouri judgment brought in a court of Mississippi. Defendant pleaded that the original cause of action arose out of a gambling transaction in cotton futures; that he declined to pay the loss; that the controversy was submitted to arbitration, the question as to the illegality of the transaction, however, not being included in the submission; that an award was rendered against the defendant; that thereafter, finding the defendant temporarily in Missouri, plaintiff brought suit there upon the award; that the trial court refused to allow the defendant to show the nature of the transaction, and that by the laws of Mississippi the same was illegal and void, but directed a verdict if the jury should find that the submission and award were made, and remained unpaid; and that a verdict was rendered and the judgment in suit entered upon the same. The plea was demurred to on constitutional grounds and the demurrer was overruled subject to exceptions. On appeal the Supreme Court of Mississippi held the plea good and judgment was entered for defendant. The United States Supreme Court reversed the judgment:

Mr. Justice HOLMES wrote: " The doctrine laid down by Chief Justice MARSHALL was ' that the judgment of a State court should have the same credit, validity and effect in every other court in the United States which it had in the State where it was pronounced, and that whatever pleas would be good to a suit thereon in such State, and none others, could be pleaded in any other

court in the United States.' *Hampton* v. *McConnell*, 3 Wheat. 234. There is no doubt that this quotation was supposed to be an accurate statement of the law as late as *Christmas* v. *Russell*, 5 Wall. 290, where an attempt of Mississippi, by statute, to go behind judgments recovered in other States was declared void, and it was held that such judgments could not be impeached even for fraud. * * * We assume that the statement of Chief Justice MARSHALL is correct. It is confirmed by the Act of May 26, 1790, c. 11, 1 Stat. 122 (Rev. Stat. § 905),* providing that the said records and judicial proceedings 'shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the courts of the State from whence the said records are or shall be taken.' See further, *Tilt* v. *Kelsey*, 207 U. S. 43, 57. Whether the award would or would not have been conclusive, and whether the ruling of the Missouri court upon that matter was right or wrong, there can be no question that the judgment was conclusive in Missouri on the validity of the cause of action [citing authorities]. A judgment is conclusive as to all the *media concludendi*, *United States* v. *California & Oregon Land Co.*, 192 U. S. 355; and it needs no authority to show that it cannot be impeached either in or out of the State by showing that it was based upon a mistake of law. * * * But as the jurisdiction of the Missouri court is not open to dispute the judgment cannot be impeached in Mississippi even if it went upon a misapprehension of the Mississippi law [citing authorities]. We feel no apprehensions that painful or humiliating consequences will follow upon our decision. No court would give judgment for a plaintiff unless it believed that the facts were a cause of action by the law determining their effect. Mistakes will be rare."

The cases which defendant contends distinguish this doctrine, namely, *Andrews* v. *Andrews* (188 U. S. 14) and *Cole* v. *Cunningham* (133 id. 107), have not that effect; in the *Andrews* case a divorce judgment obtained in South Dakota was refused recognition in Massachusetts because a *bona fide* residence apart from the matrimonial domicile had not been obtained by the plaintiff in the State of the judgment. The domicile of plaintiff, it was held, had never been changed, and it was found that the divorce was procured in fraud of the domiciliary law of the parties to the marriage. A *bona fide* domicile was held necessary to jurisdiction of the subject-matter irrespective of the appearance of the parties. (Citing *Bell* v. *Bell*, 181 U. S. 175.)

*Cole* v. *Cunningham* (*supra*) asserts the rule that a preferential assignment of a debt to a non-resident assignee to obtain for a

---

* See 1 U. S. Stat. at Large, 122, chap. 11, as amd. by 2 id. 298, 299, chap. 56; now U. S. R. S. § 905.— [REP.

creditor an attachment in New York on the claim will not, when such claim is reduced to attachment form in a New York action, prevent the Massachusetts court from an inquiry into jurisdiction of the court where the proceeding is pending, nor into the right of the State to exercise authority over the parties or the subject-matter, nor as to whether a judgment is impeachable for manifest fraud because founded thereon. These are not precedents favoring plaintiffs, but rather confirm the rule that the State of enforcement will not inquire into the rendering State's judgment except for well-defined reasons not here found. The full faith and credit to which the public acts, records and proceedings are entitled in other States is the same faith and credit to which they are entitled in the State whose acts, records and judicial proceedings they are. (*Armstrong* v. *Carson,* 2 Dall. 302; *Mills* v. *Duryee,* 7 Cranch, 481; *Hampton* v. *McConnell,* 3 Wheat. 234; *Field* v. *Gibbs,* Pet. C. C. 155; *Bryant* v. *Hunters,* 3 Wash. C. C. 48; *Nations* v. *Johnson,* 24 How. [U. S.] 195, 203.) When, therefore, suit is brought in one State upon a judgment rendered by a court of another State, and it appears that by the law of the last mentioned State it is conclusive upon the defendant, it must be held equally conclusive in the court in which suit upon it is brought. (*Mills* v. *Duryee,* 7 Cranch, 481.) Whatever pleas would be good to it in the State where it was pronounced, and none others, might be pleaded to it in any other court within the United States. (*Hampton* v. *McConnell,* 3 Wheat. 234; *Green* v. *Van Buskirk,* 7 Wall. 139.) But the judgment can have no greater or other force abroad than at home, and, therefore, it is always competent to show that it is invalid for want of jurisdiction in the court rendering it. (*Harris* v. *Hardeman,* 14 How. [U. S.] 334; *Cheever* v. *Wilson,* 9 Wall. 108; *Galpin* v. *Page,* 18 id. 350; *Thompson* v. *Whitman,* Id. 457; *Arnott* v. *Webb,* 1 Dill. 362; Whart. Confl. Laws [3d ed.], §§ 811, 819.)

The question of practice raised by respondent, that plaintiff's motion, under rule 113 of the Rules of Civil Practice, having been denied at Special Term on the ground that there is a real issue to be tried, the appeal should be dismissed, is not germane to this application. The defendant seems to think this cause is moved for judgment under the summary judgment rule (113) of the Rules of Civil Practice, whereas it is for judgment as though on demurrer for failure of the counterclaim and setoff to state facts sufficient to constitute a cause of action, and for an order striking out defenses on grounds of insufficiency, under rules 109 and 110. Under rule 110, affidavits may be presented to show that there is an existing final judgment rendered by a court of competent jurisdiction on the merits determining the same cause of action

First Department, April, 1923. [Vol. 205

between the parties (Rule 110, subd. 3), when upon the face of the counterclaim or answer that fact does not appear.

Heretofore, this objection could only be raised by reply in the event of the failure of the face of the pleading to show the fact, and no remedy by motion or subsequent compulsory plea in avoidance could disclose it before a trial.

The denials here are wholly deficient in respect to raising any issuable fact. The defendant denies merely upon information and belief that the action was duly tried or that the judgment was duly rendered; and it denies that it has any knowledge or information sufficient to form a belief as to whether the court in Virginia was a court of general jurisdiction and as to whether the costs amounted to the sum determined. All these matters are matters of record or of such facts as defendant knows or can readily ascertain. They constitute no denials and cannot by their interposition put plaintiff to proof.

The defense by way of setoff is not available as a plea. It sets out that the stock is at the trust company and may be received by plaintiff in satisfaction of the judgment. In view of the defendant's assertion that it is not worth the value put on it at the sale price for which judgment has been had, it cannot with reason be asserted that this return would set off the damage sum of the judgment. Nor is it a setoff in an action for the sale of goods that the vendee holds the goods and is ready to redeliver them, which is the purport of this plea.

The counterclaim, setoff, defense of no jurisdiction of subject-matter, and defense of contravention and violation of New York law and its public policy, are all subject to demurrer for insufficiency, and by affidavits are shown to have been duly litigated in the Law and Equity Court of Richmond, Va., and cannot constitute pleas in bar or avoidance here.

The order denying the motion to dismiss counterclaim and setoff and strike out defenses should be reversed, with ten dollars costs and disbursements, and as the denials raise no issue, the motion should be granted, with ten dollars costs.

DOWLING, SMITH, MERRELL and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.