JULIUS KELLER, JR., Appellant, v. J. FRANK BUTLER,
Respondent.

Malicious prosecution — abuse of process — extradition —
action for maliciously procuring arrest of plaintiff as fugitive
from justice may be maintained irrespective of determination
of criminal proceeding against him in foreign State.

An action for damages may be maintained against one who falsely
and maliciously and without probable cause procures the arrest of
another as a fugitive from justice, notwithstanding there has been
no determination of the criminal proceeding in the foreign State.
The guilt or innocence of the plaintiff under the laws of the foreign
State has no bearing upon the question of extradition, the only
questions in such a proceeding being the identity of the alleged
fugitive and his flight from the State where he is charged with crime,
taking this State as his asylum.

   *Keller* v. *Butler*, 220 App. Div. 212, reversed.

(Argued October 6, 1927; decided October 18, 1927.)

APPEAL from a judgment, entered June 2, 1927, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed an order of Special Term denying a motion for a dismissal of the complaint and granted said motion.

*Eugene S. Bibb* for appellant. The complaint states a cause of action for malicious prosecution. (*Orefice* v. *Savarese*, 113 N. Y. Supp. 175; *Anderson* v. *Dyer*, 188 App. Div. 707; *Burt* v. *Smith*, 181 N. Y. 1; *Kentucky* v. *Dennison*, 24 How. [U. S.] 66; *Ex parte Slauson*, 73 Fed. Rep. 666; *Tennessee* v. *Jackson*, 36 Fed. Rep. 258; *U. S.* v. *Pope*, 27 Fed. Cas. 593; *Roberts* v. *Reilly*, 116 U. S. 80; *People ex rel. Marshall* v. *Moore*, 167 App. Div. 479; 217 N. Y. 632; *Ex parte Reggel*, 114 U. S. 652; *Halbersiadt* v. *New York Life Ins. Co.*, 125 App. Div. 830; 194 N. Y. 1.)

*Harold L. Allen* for respondent. The refusal of the Governor to issue his executive warrant of rendition was neither a judicial determination, a determination upon the merits, nor a final determination in favor of the plaintiff in the action at bar. Likewise plaintiff's discharge by the committing magistrate was not a judicial nor a final termination of the action. (*Halberstadt* v. *New York Life Ins. Co.*, 194 N. Y. 1; *People ex rel. Corkran* v. *Hyatt*, 172 N. Y. 176; *Matter of Strauss*, 197 U. S. 324; *People ex rel. Lawrence* v. *Brady*, 56 N. Y. 182; *Kurtz* v. *State*, 22 Fla. 36; *People ex rel. McArthur* v. *Warden*, *etc.*, 205 App. Div. 650; *Weglein* v. *Trow*, 152 App. Div. 705.)

CRANE, J. No cause of action, it is said, has been stated in the complaint, which has been dismissed. In effect this means that an action for damages cannot be maintained against one who falsely and maliciously and without probable cause procures the arrest of another as a fugitive from justice until a determination of the

criminal proceeding instituted in the foreign State. According to the complaint, the defendant charged the plaintiff in the State of Florida with having committed larceny. Through the action of the defendant, the Governor of Florida made requisition upon the Governor of the State of New York for the extradition of the plaintiff who was in New York. The plaintiff was arrested upon the process of a magistrate issued in New York State under our procedure and brought before the Governor who determined that the prisoner was not a fugitive and should not be surrendered. Thereupon, the plaintiff was discharged from arrest. The plaintiff brings this action against the defendant for falsely and maliciously and without probable cause accusing him of being a fugitive from justice, whereby he was arrested in New York State as a fugitive and imprisoned. By the motion to dismiss the complaint, all these facts are conceded, yet it has been held that the plaintiff has no remedy for this malicious arrest or abuse of process until the charge pending in the Florida courts has been determined in his favor.

We do not take this view of the law. The guilt or innocence of the defendant of the crime committed according to the laws of Florida may be — in this case was — an altogether different matter from the extradition proceedings in the State of New York, which depended entirely upon the identity of the defendant and his flight from Florida, taking New York as his asylum. Unless the plaintiff was in the State of Florida at the time of the commission of the crime, he could not be extradited under the Constitution and laws of the United States. His actual, not his constructive, presence was necessary in the State of Florida to make him a fugitive. (*Hyatt* v. *Corkran,* 188 U. S. 691; *McNichols* v. *Pease,* 207 U. S. 100.) Therefore, it might be that he could be convicted of a crime committed through his instigation, if caught in the State of Florida, although he could not be brought

from another State upon any such charge. The extradition laws, as I have said, apply to fugitives; those who flee from the State where the crime has been committed. Therefore, when this plaintiff was arrested in New York State, the question was not one of his guilt or innocence — that could not be inquired into — rather it was the question of his presence in Florida at the time of the commission of the alleged crime, and his flight therefrom. Was he a fugitive? The complaint alleges that the defendant, knowing that the plaintiff was not a fugitive, maliciously caused his arrest under the extradition laws in the State of New York, and that after a hearing the plaintiff was released.

A proceeding was instituted in the State of New York against the plaintiff, recognized by our law, and which resulted in his being put in prison. Article IV, section 2, clause 2, of the United States Constitution, as supplemented by the act of 1793 (1 Stat. at Large, 302) and now embodied in sections 5278 and 5279 of the Revised Statutes, provides for the extradition of fugitives who flee from the State in which their crime has been committed. Before surrendering the prisoner, however, it is the duty of the Governor to determine whether or not the person arrested is a fugitive from the justice of the demanding State. (*Hogan* v. *O'Neill,* 255 U. S. 52, 56.) Our Code of Criminal Procedure specifies the method by which fugitives shall be arrested, brought before the Governor and surrendered as demanded in the requisition. In section 827 it provides that the Governor may direct that any such fugitive be brought before him, and may for cause, by him deemed proper, revoke any warrant issued by him. It is made the duty of any officer arresting a person on the warrant of a Governor to take the prisoner before a judge of the Supreme Court, or a county judge, who shall inform the prisoner of the nature of the process, and that he may have a writ of habeas corpus to determine his identity. Procuring or inducing another

to leave the State without compliance with these provisions is made a felony, indicating the care taken to insure of the identity of the prisoner, and that he is a fugitive from justice.

The complaint alleges that the plaintiff in this case was arrested upon the warrant of a magistrate before whom he was taken, and after some hours of confinement released on bail. This is the procedure outlined in section 828 of the Code of Criminal Procedure. In order to hold a prisoner until there can be a hearing, the magistrate may issue a warrant as a preliminary proceeding to the issuing of a requisition by the Governor of another State. An exemplified copy of an indictment found or other judicial proceeding in the State in which he is charged to have committed the offense may be received as evidence before the magistrate upon which to issue his warrant. The magistrate upon the arrest of the prisoner may hold him to await the warrant of the Governor, not to exceed thirty days. He may bail him in the meantime. This is the meaning of the allegations of the complaint in this case. The plaintiff was arrested in extradition proceedings through and by reason of the charge of the defendant pending the issuance of the warrant by the Governor of this State. He was brought before the magistrate and admitted to bail. Thereafter the Governor held his hearing as he was authorized to do (Code Civ. Pro. sec. 827; *McNichols* v. *Pease,* 207 U. S. 100, p. 108); and refusing his warrant, the magistrate subsequently released the bail and discharged the prisoner.

Here was a proceeding in this State instituted by the defendant resulting in the arrest of the plaintiff, his commitment by the magistrate, his subsequent release and discharge on the ground that he could not legally be extradited. The wrong complained against is that the defendant instituted this proceeding maliciously, knowing that the plaintiff was not a fugitive and without any probable cause to believe him to be subject to extradition.

This proceeding is terminated in favor of the plaintiff. These matters constitute all the elements necessary to make out a cause of action for malicious prosecution. As I have before stated, the proceeding in this State in no way involved the guilt or innocence of the plaintiff under the laws of Florida; the determination of that issue in Florida would have no bearing upon the question of extradition, and extradition would have no bearing upon the question of guilt or innocence. (*People* v. *Stilwell*, 244 N. Y. 196.)

Most of these questions have arisen on habeas corpus proceedings. Our own Code of Criminal Procedure, as I have above stated, requires the arrested person to be informed of his right to such a writ. (*People ex rel. Genna* v. *McLaughlin*, 145 App. Div. 513.) The determination of the habeas corpus proceeding in favor of the prisoner and his discharge from arrest would, I take it, be conceded to be a determination of a proceeding in favor of the prisoner sufficient to form the basis of malicious prosecution. The Governor's hearing and the subsequent discharge by the magistrate, above referred to, were likewise proceedings of a criminal nature, having like effect.

Even if this were not so, surely there must be some remedy afforded by the law for the willful and malicious arrest of another as a fugitive from justice when the charge is known to be false. Names and classifications of remedies are not indispensable to a court, although they may be convenient and necessary for the student. Justice may not tarry to tabulate. The fact is, such a wrong must have a remedy. It is provided either in the action for malicious prosecution or in an action for abuse of process. In the case of *Johnson* v. *Corrington* (7 Ohio Decisions, Reprint, 572), an action upon such a state of facts as we have here was maintained as one for malicious prosecution. In *Malone* v. *Belcher* (216 Mass. 209) the defendant was sued for malicious abuse of process in

causing the property of the plaintiff to be maliciously attached for the purpose of preventing a sale. The court in that case stated: " It was not necessary in order to maintain the action to show a termination of the action in which the attachment was made, as it would have been in a case of malicious prosecution. The attachment for the purpose of preventing the sale to Peterson was a perversion of the object which the writ was intended by law to effect, and it was therefore immaterial whether the action in which the attachment was made had been terminated or not. But as to malice and want of probable cause the case stood differently." As to these — malice and want of probable cause — the two actions are the same; that is, both in malicious prosecution and in the malicious abuse of process, malice and want of probable cause must be shown according to many authorities, the difference being that in the one the initial litigation must be terminated, while in the other it is the abuse of an incidental process which has caused the unjustifiable damage and the initial proceedings need not be terminated to give a cause of action. (See *Cardival* v. *Smith,* 109 Mass. 158.) Actions in the nature of malicious prosecutions have been maintained for the abuse of a search warrant (*Boeger* v. *Langenberg,* 97 Mo. 390); of injunction (*Powell* v. *Woodbury,* 85 Vt. 504; *Mark* v. *Hyatt,* 135 N. Y. 306; *Rieger & Co.* v. *Knight,* 128 Md. 189); of attachment (*Lawrence* v. *Hagerman,* 56 Ill. 68; *Brand* v. *Hinchman,* 68 Mich. 590). Termination of the main proceeding is not always essential for the maintenance of these actions. (See *Spangler* v. *Booze,* 103 Va. 276, and *Zinn* v. *Rice,* 154 Mass. 1.)

If, therefore, we should consider, as we do not, the requisition proceedings in the State of New York as incidental and not independent, an action should and would lie before the termination of the criminal action for the malicious abuse of the process of arrest in the State of New York under extradition proceedings.

[246 N. Y. 256]          Statement of case.          [Oct.,

One word about the complaint. The pleading may not have been drawn with the cause of action here stated solely in mind. We think, however, the allegations sufficiently broad and pointed to maintain the action here stated. For these reasons the judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, ANDREWS, KELLOGG and O'BRIEN, JJ., concur; LEHMAN, J., absent.

Judgment accordingly.