W. C. FRANKLIN and Another, Copartners Doing Business under the Firm Name and Style of FRANKLIN & CAREY, Appellants, *v.* THOMAS F. LEE, Respondent.

First Department, November 27, 1931.

*M. E. Harby* of counsel [*Hamilton Rogers*, attorney], for the appellants.

*Joseph A. Nickerson* of counsel [*Sackett, Chapman, Brown & Cross*, attorneys], for the respondent.

MARTIN, J. The District Court of Muskogee county, State of Oklahoma, entered a judgment on November 8, 1921, in favor of plaintiffs for the sum of $7,633.56, with interest, against the defendant herein. By this action the plaintiffs seek to enforce that judgment in this State. The answer sets up five affirmative defenses pleading the law of the State of Oklahoma. The principal defense is lack of jurisdiction of the Oklahoma court to enter such a judgment because of failure to comply with Oklahoma statutes.

The greater part of the record on appeal consists of exemplified copies of records of the Oklahoma action. In that action a summons was served upon the defendant Thomas F. Lee personally; an appearance and answer were filed by attorneys for the defendant Thomas F. Lee and others; a judgment was rendered against the defendants and executions were issued upon the judgment and returned unsatisfied.

The plaintiffs' motion herein for summary judgment was denied. The court at Special Term stated that there was a triable issue raised by the pleadings.

The appellants contend that no question of fraud is raised; that under rule 113, subdivision 2, of the Rules of Civil Practice they were entitled to summary judgment on the ground that no issues of material fact existed; that the only issues herein are whether the defendant was served with process in Oklahoma, and whether the Oklahoma court had jurisdiction. The respondent did not deny that he was so served, and the exemplified record established that fact. The appellants argue that the Oklahoma judgment cannot be impeached in view of the fact that it was rendered by a court which had jurisdiction of the person and subject-matter of the action. (U. S. Const. art. 4, § 1.)

The respondent in his amended answer denied, upon information and belief, a fact within his personal knowledge, namely, the service of summons upon him in the Oklahoma suit. In view of the respondent's appearance in the Oklahoma action by his attorney, the denial of personal service upon information and belief, or otherwise, is utterly immaterial.

As to service in Oklahoma, the respondent in his affidavit avers: " I *now* have no knowledge whatever of such service, although Messrs. Blakeney & Maxey, attorneys and counsellors at law in Oklahoma City, Oklahoma, have filed an answer to the petition on behalf of the copartnership of Lee, Compton & Patterson *and on behalf of myself*."

The sole question, therefore, is whether that court had jurisdiction to enter the judgment. If it had jurisdiction, unless fraud is established, the judgment is valid in this State and must be respected by our courts.

Questions of law only involving the construction of the Oklahoma statute are now attempted to be raised by the answer. There is no doubt that this respondent might have raised the questions he now urges if he had taken an appeal from the Oklahoma judgment. He could by that method have corrected any error in the judgment, but so far as this action is concerned, that judgment is in all respects proper and must be enforced in this State.

The United States Supreme Court has frequently held that where a judgment is rendered by a competent tribunal of a State having jurisdiction, it is conclusive on the merits in the courts of every other State when made the basis of an action or defense and the merits cannot be reinvestigated. Thus, a court in another State will not sustain the contention that the judgment is erroneous as a

matter of law. That question should be disposed of in the State where the judgment was obtained.

In *Fauntleroy* v. *Lum* (210 U. S. 230, 236) Mr. Justice HOLMES, writing for the court, said: " The doctrine laid down by Chief Justice MARSHALL was ' that the judgment of a State court should have the same credit, validity and effect in every other court in the United States, which it had in the State where it was pronounced, and that whatever pleas would be good to a suit thereon in such State, and none others, could be pleaded in any other court of the United States.' "

In *Roche* v. *McDonald* (275 U. S. 449) it was held that since an Oregon judgment, even though erroneous, was valid and conclusive between the parties in Oregon, under the Full Faith and Credit Clause of the United States Constitution, it was equally conclusive in Washington. (Revg. 136 Wash. 322.)

In *Guggenheim* v. *Wahl* (203 N. Y. 390) the Court of Appeals held that the courts of this State will not restrain a party from prosecuting an action in another State, the object of which is to annul a judgment of divorce obtained in that State when such judgment was rendered by a court of competent jurisdiction over the parties and the subject-matter of that action.

In *Kessel* v. *Triangle Film Corp.* (205 App. Div. 51) Mr. Justice McAVOY, writing for this court, held that under the Full Faith and Credit Clause of the United States Constitution, the defendant having appeared and answered in a Virginia action and contested plaintiffs' claim at the trial thereof, and having set up all possible defenses, including an alleged counterclaim, the validity of the Virginia judgment could not be denied here.

The questions of law which respondent now seeks to have decided by the courts of this State should have been disposed of by the courts of Oklahoma in accordance with the practice prevailing in that State.

We are of the opinion, therefore, that there is no defense to this action, and the order denying the motion to strike out the defenses and for judgment in favor of the plaintiffs should be reversed, with ten dollars costs and disbursements, and the motion for judgment granted, with ten dollars costs.

FINCH, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.