IRENE K. PHELPS, Plaintiff, *v.* JOSEPH PHELPS, Defendant.

Supreme Court, Special Term, Broome County, November 25, 1947.

*Eugene C. Gerhart* for plaintiff.

*Fred H. Jeffers* for defendant.

DEYO, J. This is an action brought to recover the sum of $6,000 allegedly due on a judgment of the Court of Chancery

of New Jersey. The facts preceding the judgment are briefly, as follows:

On December 14, 1938, the plaintiff herein was granted a decree of divorce in the State of New Jersey against the defendant, whereby the defendant was directed to make certain payments for the support of the plaintiff and the minor children of the marriage. Subsequently, and in 1942, the defendant was indicted by a New Jersey Grand Jury for desertion and willful neglect and refusal to provide for the children. On September 10, 1942, a warrant of extradition was served upon the defendant in the State of New York, followed by the issuance of a writ of habeas corpus to test the legality of the arrest. A hearing was had and evidence taken on September 26, 1942, at which the demanding State was represented by C. William Caruso, Assistant District Attorney of Essex County, New Jersey, who, on motion, was admitted to practice in this State, for the purpose of that proceeding, and by John R. Normile, Assistant District Attorney of Broome County, New York. The proceedings were adjourned until October 16, 1942, at which time an order was granted holding the matter generally, due to the fact that the defendant had been inducted into military service, and granting to either party the right to continue the proceedings on notice. Such notice was served by the present defendant, returnable February 15, 1946, at which time Samuel Bernstein, Assistant District Attorney of Broome County, New York, appeared for respondent and the demanding State and requested on behalf of Mr. Caruso that the proceeding be adjourned a month. The matter was set down for March 3, 1946, and further evidence taken on behalf of the relator. No evidence was offered at either hearing on behalf of the respondent or the demanding State, except the formal papers for extradition. The court sustained the writ and directed the release of the relator (now the defendant), on the ground that the evidence showed that the relator was not in the demanding State at the time the crime was alleged to have been committed.

In 1946, an action was commenced in this State by the present plaintiff and against the present defendant to recover arrearages of alimony allegedly due the plaintiff under her New Jersey decree of divorce. On December 6, 1946, the plaintiff moved to strike out the defendant's answer and for summary judgment, which motions were denied (*Phelps* v. *Phelps,* 68 N. Y. S. 2d 650), principally on the ground that the New Jersey decree, so far as it directed the payment of alimony, lacked the necessary finality to entitle it to full faith and credit in the courts of this State.

Subsequently, and on May 26, 1947, the New Jersey Court of Chancery, on the defendant's appearance by counsel, and after a hearing, granted an order fixing and computing the arrearages of alimony as of April 2, 1947, at $6,000, which sum was " adjudged to be absolutely due to petitioner from the defendant as a final judgment," and further ordered that execution issue therefor. It is upon this judgment that the present action is brought. The answer denies that the judgment of the New Jersey Court of Chancery is a final judgment, alleges that there is another action pending, alleges that changed circumstances rendered the New Jersey judgment inequitable, and sets forth a counterclaim for malicious prosecution.

The order of the Chancellor, determining the amount of the arrearages and directing that execution issue therefor, was not the " final decree " in the action. The " final decree " was, of course, the directive that granted the divorce. The present order was not of that type, but rather, was intermediate or interlocutory in nature, just as similar orders are under our practice. Hence, pursuant to the Revised Statutes of New Jersey (tit. 2, § 2:29–118), an appeal was required to be taken within thirty days. An appeal not having been taken, the order became a final judgment, so far as the arrearages found to be due were concerned, and as a final judgment is entitled to be given full faith and credit in the courts of this State. (*Griffin* v. *Griffin,* 327 U. S. 220; *Barber* v. *Barber,* 323 U. S. 77.) Therefore, the defense that the judgment is not final cannot be sustained.

It was conceded at the hearing that the previous action brought on the decree and not on the judgment, had been discontinued. That defense is therefore eliminated.

The defendant may not again litigate the equitable defenses which he seeks to raise under his fourth defense. The defendant was represented by counsel and appeared in the New Jersey proceedings and litigated these very issues. The New Jersey court had jurisdiction of the person of the defendant and the subject matter of the action. These matters cannot be again investigated. (*Franklin* v. *Lee,* 233 App. Div. 592, affd. 259 N. Y. 532.) As Mr. Justice REED said, in *Treinies* v. *Sunshine Mining Co.* (308 U. S. 66, 78), " One trial of an issue is enough." (See, also, *Verbeck* v. *Verbeck,* 187 Misc. 750; *Toms* v. *Toms,* 188 Misc. 451, affd. 272 App. Div. 789, appeal dismissed 297 N. Y. 608.)

The counterclaim is based upon malicious prosecution arising out of the indictment and attempted extradition of the defendant.

Such an action will clearly lie and the counterclaim is properly interposed. Whether or not the plaintiff did falsely and maliciously and without probable cause, procure the arrest of the defendant as a fugitive, are questions of fact which can be determined after a trial. (*Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 N. Y. 296.) The fact that the criminal charges are still pending in New Jersey seems to be immaterial. (*Keller* v. *Butler*, 246 N. Y. 249.)

The plaintiff's motion will be granted to the extent that the second, third and fourth separate defenses will be struck out as insufficient in law, and in all other respects the motion will be denied. No costs will be awarded.

Submit order accordingly.