SADIE GASTMAN, Respondent, *v.* EMIL MYER, Appellant.

First Department, April 13, 1955.

*Frank H. Gordon* of counsel (*George G. Hunter, Jr.,* with him on the brief; *Cuddeback & Cuddeback,* attorneys), for appellant.

*William Sardell* of counsel (*Earl I. Gallant* with him on the brief; *Earl I. Gallant,* attorney), for respondent.

*Per Curiam.* Defendant appeals from the denial of his motion for judgment on the pleadings and admissions, or, in the alternative, summary judgment.

Plaintiff instituted this action for malicious prosecution, alleging that defendant had, maliciously and without probable cause, charged plaintiff, in an information filed with a Justice of the Peace, with malicious mischief for causing a tree on defendant's land to be cut down. On the basis of this information, defendant, allegedly, then procured the issuance of a warrant for plaintiff's arrest. It is further alleged that plaintiff was acquitted and the prosecution terminated, all to her damage. In fact, however, as she later admitted, plaintiff was not " acquitted ", but the information was dismissed, on her motion, by the Justice of the Peace. The ground for the dismissal was jurisdictional, the Justice being of the opinion, as plaintiff urged, that he had no power to determine title to realty.

Unquestionably, it was gross error to have dismissed the information for the assigned reason. It is defendant's contention, however, that, because of this erroneous determination of jurisdiction at behest of plaintiff in this case, there has been no termination of the criminal proceeding in favor of plaintiff. We cannot sustain this view.

It is elementary that in order to make out a cause of action for malicious prosecution arising out of a criminal proceeding, plaintiff must allege and prove (1) that defendant instituted or continued a criminal proceeding against plaintiff; (2) malice; (3) absence of probable cause; (4) termination of the proceeding in favor of plaintiff; and (5) damages. (*Keller* v. *Butler,* 246 N. Y. 249; Prosser on Torts [1941 ed.], p. 862; 54 C. J. S., Malicious Prosecution, § 4.) The fourth element is established where the proceeding is dismissed on the merits or disposed of in such a way that a new proceeding must be commenced if the prosecution is to be pressed. (*Robbins* v. *Robbins,* 133 N. Y. 597; Prosser on Torts [1941 ed.], pp. 867–868; 54 C. J. S., Malicious Prosecution, §§ 55–59; Restatement, Torts, § 659.) If the magistrate acted judicially, even though erroneously, it is enough. Specifically, it is immaterial whether the particular proceeding was terminated correctly by the court in favor of plaintiff, or whether the error, if any, was patent or not. (*Robbins* v. *Robbins, supra*; see *Halberstadt* v. *New York Life Ins. Co.,* 194 N. Y. 1, 13–14.) The rule is different, of course, where the determination, not on the merits, is accomplished by trick or device or its fraudulent equivalent. (*Halberstadt* v.

*New York Life Ins. Co., supra.*) But, it is conceded that no such factor exists in this case.

Of·course, as already noted, in order to succeed in this action, plaintiff must also prove an absence of probable cause. This element of the cause of action, however, is distinct from that of favorable termination, and, termination without a hearing on the merits, as was so in this case, is not evidence of probable cause. (*Kezer* v. *Dwelle-Kaiser Co.*, 222 App. Div. 350, 356; 54 C. J. S., Malicious Prosecution, § 38.)

Accordingly, the order should be affirmed, with costs to respondent.

PECK, P. J. (dissenting). Plaintiff's action is for false arrest and malicious prosecution. The action arises out of a prosecution instituted by defendant against plaintiff before a Justice of the Peace for malicious mischief to real property. Plaintiff was arrested on a warrant issued by the Justice of the Peace. The information was dismissed by the Justice, upon plaintiff's motion, upon the erroneous ground that he did not have jurisdiction over the prosecution because " the question as to the real estate ownership cannot be decided by this court."

It is clear that the Justice of the Peace did have jurisdiction over the prosecution and was the only court which could have jurisdiction. The present action cannot lie, therefore, insofar as it is based on an alleged false arrest. The question on this appeal is whether an action for malicious prosecution may be maintained. The answer to that question depends on whether the dismissal of the information, under the circumstances, was a determination of the proceeding in favor of the accused, satisfying that necessary condition to the maintenance of an action for malicious prosecution.

While there is no case squarely in point, I think that the present case comes within the sense and scope of the holding in *Halberstadt* v. *New York Life Ins. Co.* (194 N. Y. 1). There the plaintiff had forestalled the prosecution of the criminal case against him by leaving the jurisdiction, preventing a trial, and procuring a dismissal because of lapse of time. The court held, in the following malicious prosecution action, that the criminal proceeding had not been terminated in favor of the accused in accordance with such requirements as a condition to the maintenance of an action for malicious prosecution. Speaking of the rules applicable to such an action, the court said (pp. 10–11): " The first one is that where a criminal proceeding has been terminated in favor of the accused by judicial action of

the proper court or official in any way involving the merits or propriety of the proceeding or by a dismissal or discontinuance based on some act chargeable to the complainant as his consent or his withdrawal or abandonment of his prosecution, a foundation in this respect has been laid for an action of malicious prosecution. The other and reverse rule is that where the proceeding has been terminated without regard to its merits or propriety by agreement or settlement of the parties or solely by the procurement of the accused as a matter of favor or as the result of some act, trick or device preventing action and consideration by the court, there is no such termination as may be availed of for the purpose of such an action. The underlying distinction which leads to these different rules is apparent. In one case the termination of the proceeding is of such a character as establishes or fairly implies lack of a reasonable ground for his prosecution. In the other case no such implication reasonably follows. (Townsend on Slander, section 423.) ''

While it cannot be said that the procurement of the dismissal here was based upon any " trick " of the plaintiff, it is apparent that the dismissal was procured by an act of the plaintiff, preventing consideration of the merits by the court, and that the ground tendered and urged by plaintiff and upon which the court was prevailed upon to act was an untenable ground and one on which plaintiff should not have succeeded.

I would recognize that a dismissal of a prosecution on jurisdictional grounds was ordinarily as sound a predicate for an action for malicious prosecution as a dismissal on the merits and would concede that ordinarily the court in which a malicious prosecution action is brought should not undertake to determine whether the dismissal of the criminal proceeding was justified or not or was prompted by some error of fact or law on the part of the criminal court. It does seem to me, however, that where the motion for dismissal made by the plaintiff is upon patently untenable grounds and the error of the criminal court in refusing to entertain the case is patent, the plaintiff is in no position to maintain that the criminal proceeding was determined in her favor in the sense of implying lack of reasonable ground for the prosecution. Plaintiff has achieved and may retain the advantage, although unjustly gained, of avoiding prosecution, but she should not be able to turn such avoidance to the double advantage of maintaining an action for malicious prosecution.

I dissent and vote to reverse and grant defendant's motion for summary judgment dismissing the complaint.

CALLAHAN, BREITEL, BASTOW and RABIN, JJ., concur in *Per Curiam* opinion; PECK, P. J., dissents and votes to reverse and grant the motion, in opinion.

Order affirmed, with $20 costs and disbursements to the respondent.