Breitel, J. (dissenting).
Defendants claimed to have owned some beach on Lake Erie in the Canadian province of Ontario. In September, 1966 they caused the arrest and criminal prosecution of plaintiff, a lawyer of Buffalo, New York, who with his four-year-old daughter was using the beach. He was charged with trespass in the Ontario Magistrate’s Court, a court of inferior and limited jurisdiction. After trial, it dismissed the charge on the ground that it lacked subject-matter jurisdiction if title to land were involved. Plaintiff subsequently brought this action in the Erie County Supreme Court for five causes of action, including malicious prosecution. This last was the only *161 cause of action stricken by the Appellate Division on a motion addressed to the pleading (CPLR 3211, subd. [a], par. 1).
The only issue is whether the dismissal in the Canadian criminal prosecution is a termination, favorable to plaintiff, of the prior criminal prosecution against him sufficient to base his cause of action for malicious prosecution.
The well-settled and undisputed rule is that an action for malicious prosecution will not lie unless the prior prosecution has been terminated in favor of plaintiff. The reason for the rule is the avoidance of parallel litigation over the elements of probable cause or guilt, either of which suffices as a defense to the tort action. (Prosser, Torts [3d ed.], § 113, esp. pp. 856-857.)
The determination in favor of plaintiff need not have been on the merits (Munoz v. City of Neio York, 18 N Y 2d 6, 10; Levy’s Store v. Endicott-Johnson Corp., 272 N. Y. 155, 162; Keller v. Butler, 246 N. Y. 249, 254-255; Hálberstadt v. New York Life Ins. Co., 194 N. Y. 1,10-11,13-14; Restatement, Torts, §§ 659-660; Prosser, loe. eit., supra).
(To be sure, a prior dismissal obtained by plaintiff by improper methods or by his consent to a settlement of the prosecution has been held not to be a termination in his favor. Similarly, if the termination still permitted or envisaged a renewed prosecution there was no termination in plaintiff’s favor. [Prosser, loc. cit., supra-, Restatement, Torts, §§ 659, 660, supra-, cf. Halberstadt v. New York Life Ins. Co., 194 N. Y. 1, 10-11, 13-14, ' supra; Qastman v. Myer, 285 App. Div. 611, 612.] None of these situations are involved in this case.)
Assuming, dubiously, that the lex loci delicti applies, the Canadian rule is the same as in New York (Romegialli v. Marceau, [1964] 1 O.R. 407, esp. at p. 409 citing Salmond, Torts*, and a string of English and Canadian cases, all to the same effect; Beemer v. Beemer, [1905] 9 O.L.R. 69, 71).
*162 The precise issue has been decided in this State. In Gastman v. Myer (285 App. Div. 611, supra), the court, citing the Halberstadt case (supra), the Keller case (supra), Prosser, and the Restatement, Torts, held that an out-of-State Magistrate’s dismissal for lack of jurisdiction of a malicious mischief prosecution because it involved title to land was a sufficient termination of the prior criminal prosecution to base an action for malicious prosecution (id., at p. 612). This is ancient law in New York. It was held as far back as 1839 in Morris v. Scott (21 Wend. 281) that lack of subject-matter jurisdiction in the court in which the criminal prosecution had been entertained was not a bar to an action for malicious prosecution.
Defendants mistakenly rely on Grimes v. Miller (23 O.A.R. 764 [1896]) in which it was held that an utterly void proceeding in an inferior court of limited jurisdiction could not base a malicious prosecution action. It viewed the nullity of the prosecution too great to support a malicious prosecution claim. As though the pain and damage were less because the cause was the worse. It is questionable that the Grimes case is still law, relying as it did on orthodox common-law pleading and a doctrine rarely, if ever, followed, that if the criminal prosecution is void then the injured plaintiff is limited to an action for trespass rather than entitled to pursue action on the case for malicious prosecution (compare 13 Canadian Enc. Dig. [Ont.] [2d ed.], Malicious Prosecution, § 1, p. 106, cited by defendants, with 26 Canadian Abridgment, 132-136, citing, in addition, cases contrary to the Grimes holding, including several from Ontario; cf. Rex v. Stewart, 6 Man. R. 257, 262-263 [1889]; Flora v. Shandro, 8 W.L.R. 426 [1908], rejecting the reasoning in the Grimes case, supra, and in Hunt v. M’Arthur, 24 U.C.Q.B. 254 [1865], dubiously a precursor to the Grimes case; see, also, 52 Am. Jur., Trespass on the Case, §§ 15, 16).
It is notable, however, that the opinions in the Grimes case (supra) indicated that there might still be a remedy in trespass. That court was dominated by its concern with a matter of procedure, namely, the proper common-law form of action. Three of the four Judges held that trespass was the proper remedy. Of course, if that be true then under liberal CPLR pleading *163 the cause of action should survive so long as, on any view, there is a claim alleged (CPLR 3013, 3026). Assuming that the Grimes holding is not an aberration but is, indeed, the law of Ontario, and accepting, arguendo, that the lex loci delicti is the proper choice of substantive law, still, because the rule in the Grimes case concerns only pleading, the law of New York would govern as to whether the cause is properly pleaded (Restatement, 2d, Conflict of Laws, § 124; Goodrich & Scoles, Conflict of Laws [4th ed.], §§ 80-81; 86 C. J. S., Torts, § 26).
If the New York law and the Ontario law are the same, the case presents no problem of choice of law. Assuming, however, that the Grimes case {supra) somehow expresses the Ontario substantive law, and not merely a procedural peccadillo, then it is not at all clear that the lex loci applies (see Restatement, 2d, Conflict of Laws, § 155, and compare it with Restatement, 2d, Conflict of Laws, T. D. No. 8, April 15, 1963, § 379k; Ehrenzweig, Conflict of Laws, p. 558; Goodrich & Scoles, Conflict of Laws [4th ed.], § 93). The complaint alleges that plaintiff and defendants are residents of New York State, although defendants in their brief, without record support, say that at the time of the transaction they were residents of Canada. This is difficult to understand since plaintiff is and has been a New York lawyer. It is hard to see any “governmental” or other interests of Ontario in this lawsuit between New York residents arising from but no longer involving Canadian beach sand on Lake Erie (see Toolcer v. Lopez, 24 N Y 2d 569, 576-579; Miller v. Miller, 22 N Y 2d 12, 18-20).
Accordingly, I dissent and vote to reverse the order of the Appellate Division and to reinstate the third cause of action for malicious prosecution.
Chief Judge Fuld and Judges Scileppi, Bergan and Gibson concur with Judge Burke ; Judge Breitel dissents and votes to reverse in a separate opinion in which Judge Jasen concurs.
Order affirmed, without costs.

 “ If the prosecution has actually determined in any manner in favour of the plaintiff it matters nothing in what way this has taken place. There need not have been any acquittal on the merits. What the plaintiff requires for his action is not a judicial determination of his innocence but merely the absence of any judicial determination of his guilt. Thus it is enough if the prosecution has been discontinued, or if the accused has been acquitted by reason of some formal defect in the indictment, or if a conviction has been quashed, even if for some technical defect in the proceedings.” (Salmond, Torts, 13th ed., p. 726.)