### GOODELL v. EBERHARDY.

No. 75-6494 SP.

County Court, Palm Beach County.

February 20, 1976.

Richard W. Springer of Kolb, Springer, Springer & Vassallo, West Palm Beach, for the plaintiff.

Donald C. Sinclair, West Palm Beach, for the defendant.

JAMES T. CARLISLE, Judge.

Plaintiff sued defendant for malicious prosecution alleging that the prior civil suit was voluntarily dismissed by defendant. Defendant moved to dismiss on the ground that pursuant to F. R. C. P. Rule 7.110(1)(i) defendant had a right to dismiss the prior action and that such voluntary dismissal did not constitute a termination in plaintiff's favor.

A prerequisite to the successful maintenance of an action for malicious prosecution is the termination of the original proceeding in favor of the plaintiff. The issue in this case is whether a voluntary dismissal of a prior civil action stands as a bar to a malicious prosecution suit.

The court's research failed to disclose a Florida case on this precise point. Cases in other jurisdictions are both sparse and contradictory. For example, in Kulka v. Jones (S.Ct. N. D. 1897) 71 N. W. 558 it was held that a voluntary dismissal was prima facie evidence of want of probable cause while in Asevado v. Orr (S.Ct. Ca. 1893) 34 P. 777 it was held that a voluntary dismissal of an action is not an admission of want of probable cause.

In **Corpus Juris Secundum** it is stated as follows, 54 C. J. S., *Malicious Prosecution,* §57 —

"The dismissal of the proceedings complained of, either voluntarily or by reason of a failure to prosecute . . . constitute a sufficient termination thereof to support the action."

The cases which are cited as authority for the above statements are founded largely upon criminal prosecutions. The Restatement of Torts, §674, pages 440, 444 and 445, provides —

"civil proceedings may be terminated in favor of the person against whom they are brought . . . by the withdrawal of the proceedings by the person bringing them."

Defendant points out that under the Rules of Summary Procedure he had the absolute right to take a non-suit without prejudice to his right to bring another similar action. The above cited authorities do not speak to the issue of whether the exercise of the right to a non-suit bars an action for malicious prosecution on the ground that termination in favor of the plaintiff is lacking.

There are many situations in which a well founded cause of action may be abandoned or non-suited. Most frequent perhaps is where the essential witness "dies, forgets or moves away". On the

other hand, the exercise of the right to a non-suit should not preclude a malicious prosecution action where the original civil action was taken maliciously for its nuisance value. After being served with civil process, retaining counsel, marshalling one's evidence, and girding one's loins for battle, one has sustained almost as much injury in the event of an eleventh hour non-suit as one has after a favorable adjudication on the merits. While it is true that the defendant who takes a non-suit is free to reinstitute the prior civil action, this cannot stand as a bar to the malicious prosecution action.

It is well settled that where the malicious prosecution action is founded upon a criminal proceeding, a nolle prosequi constitutes a termination in plaintiff's favor. Davis v. McCrory (1972, Fla. App.) 262 So. 2d 207. Yet the prosecutor is free to refile the charge. In Gastman v. Meyer 139 N.Y.S. 2d 602, it was held that the element of termination of the proceedings is met when the case is dismissed on the merits or disposed of in such a way that a new proceeding must be commenced if the prosecution is to be pressed. Perhaps the best statement of the rule is found in Hernan v. Revere Copper and Brass Corporation 363 F.Supp. 96, which holds that a favorable termination does not require an adjudication on the merits and that the question of whether a voluntary withdrawal or abandonment constitutes a favorable termination depends on the circumstances. That should be the rule in the instant case.

It is therefore held that defendant's exercise of his right to a non-suit in the prior civil action does not stand as a bar to a malicious prosecution action. The court will determine the reasons for the exercise of the non-suit. A voluntary non-suit does not necessarily indicate a lack of probable cause or malice, nor does it stand as a bar to the malicious prosecution action. Consequently defendant's motion to dismiss is denied.