■ MICHAEL GILLERAN et al., Appellants, v TOWN OF YORKTOWN et al., Respondents. [613 NYS2d 710] —In an action to recover damages for malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Westchester County (Burrows, J.), dated November 17, 1992, which granted the defendants' motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is reversed, with costs, the defendants' motion is denied, and the complaint is reinstated.

This action to recover damages for malicious prosecution arises from the prosecution of Sean Gilleran, the plaintiffs' minor son, for the crimes of criminal mischief in the third degree and criminal mischief in the fourth degree. Following the service of a summons and petition in the criminal action, the Westchester County Attorney's office withdrew its prosecu-

tion of Sean Gilleran to further investigate the incident and to amend the petition to accurately reflect the facts concerning the charges of criminal mischief. Upon the prosecutor's request to withdraw, the Family Court Judge permitted the case to be withdrawn only with prejudice, as to the time and the date set forth in the petition. The prosecutor withdrew the petition.

The plaintiffs then commenced this action to recover damages for malicious prosecution against the Town of Yorktown and Gary Fister, the police officer who served the appearance ticket on Sean Gilleran. The trial court granted the defendants' motion to dismiss the complaint on the ground that it failed to state a cause of action based on its finding that the termination of the criminal proceeding was not favorable to the plaintiffs. We disagree.

It is well settled that where the underlying proceeding has been terminated in favor of the accused "in any way involving the merits or propriety of the proceeding * * * a foundation in this respect has been laid for an action of malicious prosecution" (Halberstadt v New York Life Ins. Co., 194 NY 1, 10-11). Here, the underlying criminal proceeding was terminated with prejudice and thus involved the merits of the case. Moreover, the Court of Appeals has held that "where the criminal proceeding is terminated favorably to the accused or without his conviction, so that there can be no further proceeding upon the complaint or indictment, and no further prosecution of the alleged offense, without the commencement of a new proceeding, then there has been a sufficient termination thereof to enable [the accused] proving the other requisite facts, to maintain an action for malicious prosecution" (Robbins v Robbins, 133 NY 597, 599; see also, Gastman v Myer, 285 App Div 611, 612 [a favorable termination is "established where the proceeding is dismissed on the merits or disposed of in such a way that a new proceeding must be commenced if the prosecution is to be pressed"]).

We therefore find that the trial court improperly dismissed the action based on the pleadings and other papers furnished by the plaintiffs which sufficiently alleged that the underlying criminal action was dismissed on the merits and thus was a sufficient foundation upon which to maintain an action to recover damages for malicious prosecution, specifically as to the requisite element of a favorable termination of the criminal proceeding. Mangano, P. J., Altman, Hart and Florio, JJ., concur.