Kurtz v Kessler
2026 NY Slip Op 03785
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Maya Kurtz, respondent,
v
Karen Kessler, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-11718, (Index No. 607983/24)
Francesca E. Connolly, J.P.
Linda Christopher
Barry E. Warhit
Elena Goldberg Velazquez, JJ.

Chesney, Nicholas & Brower, LLP, Syosset, NY (Scott A. Koltun and Edward G. Bailey of counsel), for appellant.
Mark E. Goidell, Garden City, NY, for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution, the defendant appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 26, 2024. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the second cause of action, alleging malicious prosecution.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2024, the defendant commenced a family offense proceeding against the plaintiff, her former sister-in-law. In February 2024, the Family Court dismissed the defendant's petition and vacated a temporary order of protection for lack of subject matter jurisdiction over the parties.
Thereafter, the plaintiff commenced this action, inter alia, to recover damages for malicious prosecution. The defendant moved, among other things, for summary judgment dismissing the second cause of action, alleging malicious prosecution, on the ground that there was no final termination of the Family Court proceeding in favor of the plaintiff. In an order dated September 26, 2024, the Supreme Court, inter alia, denied that branch of the defendant's motion. The defendant appeals.
"The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice" (Lugo v Corso, 215 AD3d 944, 945 [internal quotation marks omitted]). To satisfy the favorable termination element, "the plaintiff must demonstrate that there was a final disposition of the prior action and that the circumstances surrounding the termination were not inconsistent with his or her innocence" (Stewart v Fein Such & Crain, LLP, 236 AD3d 959, 963 [alterations and internal quotation marks omitted]; see Smith-Hunter v Harvey, 95 NY2d 191, 199). A proceeding terminates in favor of the accused "when there can be no further proceeding upon the complaint or indictment, and no further prosecution of the alleged offense" (Smith-Hunter v Harvey, 95 NY2d at 196 [internal quotation marks omitted]).
Here, contrary to the defendant's sole contention on appeal, she failed to establish, prima facie, that the Family Court's dismissal of her family offense petition was not a favorable termination of that proceeding in favor of the plaintiff (see Goldenberg v Capital One N.A., 186 AD3d 810, 812; Gilleran v Town of Yorktown, 206 AD2d 350, 351; Gastman v Myer, 285 App Div 611, 612-613). The family offense petition was dismissed with prejudice and, therefore, cannot be brought again (see Matter of Silverman v Leibowitz, 208 AD3d 1332, 1333), and the disposition was not inconsistent with the plaintiff's innocence (see Melchner v Town of Carmel, 195 AD3d 803).
Since the defendant failed to meet her initial burden as the movant, it is not necessary to review the sufficiency of the papers submitted in opposition to the motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the second cause of action, alleging malicious prosecution.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court